FILED
03/06/2025
Terry Halpin
CLERK
Yellowstone County District Court
STATE OF MONTANA
By: Katrina Plain Bull
DV-56-2025-0000313-OC
Knisely, Mary Jane
1.00

Renée L. Coppock
Michael J. Klepperich
CROWLEY FLECK PLLP
490 N. 31st Street, Suite 500
P.O. Box 2529
Billings, MT 59103-2529
Telephone: (406) 252-3441
rcoppock@crowleyfleck.com
mklepperich@crowleyfleck.com

*Attorneys for the Plaintiff*

MONTANA THIRTEENTH JUDICIAL DISTRICT COURT
YELLOWSTONE COUNTY, MONTANA

| | |
|---|---|
| SQUARE 106, LLC,<br>   a Montana limited liability company,<br><br>               Plaintiff<br>vs.<br><br>RW BILLINGS, LLC,<br>   a South Dakota limited liability company,<br><br>               Defendant. | Case No. DV-56-2025-0000313-OC<br><br>Judge: Mary Jane Knisely<br><br>COMPLAINT FOR DECLARATORY RELIEF, REFORMATION, AND DAMAGES |

Square 106, LLC ("Square 106"), by and through its counsel, Crowley Fleck PLLP, complains and alleges against Defendant RW Billings, LLC ("RW Billings") as follows:

### INTRODUCTION

1. This is an action for declaratory relief and reformation to declare that Square 106, under certain recorded covenants and amendments thereto has the right to construct a hotel on certain real property located in Billings, Yellowstone County, Montana (described below as "Lot 3"), with parking in accordance with the current Billings, Montana City Code ("Code") as well as monetary damages that Square 106 has suffered, and continues to suffer, by RW Billings' actions.

2.  RW Billings has wrongfully contested that right under the false assertion that the parking requirements for Lot 3 are more restrictive than set forth in the Code and has refused to execute the Third Amendment to Easements with Covenants and Restrictions Affecting Land ("ECR") clarifying such right, asserting that RW Billings will do everything it can to prevent Square 106 from building a hotel on Lot 3.

## PARTIES

3.  Plaintiff Square 106 is a Montana limited liability company which owns real property in Billings, Montana, and has its principal place of business in Billings, Montana.

4.  Defendant RW Billings is a South Dakota limited liability company, that owns real property in Billings, Montana, and has its principal place of business at 1910 8th Ave. NE, Aberdeen, South Dakota.

## JURISDICTION AND VENUE

5.  Jurisdiction is proper in the State of Montana, Yellowstone County, because the events took place in Yellowstone County, Montana, and affect property in Yellowstone County, Montana. *See* Rule 4B, M.R.Civ.P.; Montana Code Ann. § 3-5-302.

6.  Venue is proper because the property in question is located in Yellowstone County, Montana. *See* Montana Code Ann. § 25-2-118.

## GENERAL ALLEGATIONS

7.  Sam's Real Estate Business Trust ("Sam's") and South Billings Center, LLC ("SBC"), as the required signatories for encumbering the Property described below, entered into an Easements with Covenants and Restrictions Affecting Land ("ECR"), recorded on October 27, 2008, in the records of Yellowstone County, Montana, under Document No. 3484582 ("Original ECR"), a copy of which is attached hereto as Exhibit A and incorporated by this reference.

8. The Original ECR encumbered the following-described real property, located in Yellowstone County, Montana ("Property"):

> Lot 2-A, Block 1, of Amended Plat of Lot 2A of Amended Lots 2, 3, 4, and 5, Block 1, Miller Crossing Subdivision, Yellowstone County, Montana, according to the official plat thereof on file and of record in the office of the Clerk and Recorder of said County, under Document No. 3441217.
>
> Lots 1, 2, 3, 4, 5, 6, 7, 8, 9 and 10, in Block 1, of Miller Crossing Subdivision, Second Filing, in Yellowstone County, Montana, according to the official plat thereof on file and of record in the office of the Clerk and Recorder of said County, under Document No. 3475747.

9. The Original ECR contained restrictions relating to types of use, parking requirements, building height, and use of common areas.

10. By Special Warranty Deed recorded on October 2, 2013, RW Billings purchased real property from SBC, which property is subject to the Original ECR and more particularly described as follows ("RW Billings Property"):

> Lot 7A-1, Block 1 of 3rd Amended – Miller Crossing Subdivision, Second Filing, Amended Plat of Amended Lots 7A, 9A and 10A, Block 1 of Miller Crossing Subdivision, Second Filing, in the City of Billings, according to the official plat thereof on file in the office of the Clerk and Recorder of Yellowstone County, Montana, under Document No. 3684842.

11. Pursuant to the Original ECR, RW Billings was required to adhere to certain parking lot requirements, in particular, the requirement in Section 6.2 to have not fewer than 4.5 car spaces for each 1,000 square feet of building or buildings on the property.

12. On March 9, 2023, Sam's and Square 106 entered into a First Amendment to Easements with Covenants and Restrictions Affecting Land ("ECR"), recorded on March 27, 2023, in the records of the Clerk and Recorder of Yellowstone County, Montana, under Document No. 4043446 ("First Amendment"), a copy of which is attached hereto as Exhibit B and incorporated by this reference.

13. The First Amendment reflected the changes in the legal description of the Property, based on plats that had amended and further divided the Property by Parcels and added the following language to subparagraph 4.1 of the Original ECR:

> Notwithstanding any provision to the contrary within this paragraph 4.1, the height of any hotel constructed on Lots 9A-1 and 10A-1 of the Square 106 Property may be up to 60 feet above the finished grade. No other height restriction set forth in this paragraph shall apply to the construction of any hotel constructed on said Lots.

By executing the First Amendment, Sam's agreed that hotels up to 60 feet in height could be constructed on Lots 9A-1 and 10A-1.

14. Sam's portion of the Property ("Sam's Property") was described in the First Amendment as:

> Lot 2-A-4, Block 1, of Amended Plat of Lot 2A of Amended Lots 2, 3, 4, and 5, Block 1, Miller Crossing Subdivision, Yellowstone County, Montana, according to the official plat thereof on file and of record in the office of the Clerk and Recorder of said County, under Document No. 3441217.

15. The Square 106 portion of the Property ("Square 106 Property") was described in the First Amendment as:

> Parcel I:
> Lot 2, Block 1 of Miller Crossing Subdivision, Second Filing, in the City of Billings, Yellowstone County, Montana, according to the official plat on file in the office of the clerk and recorder of said County, under Document No. 3475747.
>
> Parcel II:
> Lots 3, 4, and 6A, Block 1 of the amended plats of Lots 3, 4, 4, and 6, Block 1 of Miller Crossing Subdivision, Second Filing, in the City of Billings, Yellowstone County, Montana, according to the official plat on file in the office of the clerk and recorder of said County, under Document No. 3512189.
>
> Parcel III:
> Lots 9A-1 and 10A-1, Block 1 of the 3rd Amended Miller Crossing Subdivision, Second Filing, in the City of Billings, Yellowstone County, Montana, according to the official plat on file in the office of the clerk and recorder of said County, under Document No. 3684842.

A copy of the plat showing the real property boundaries is attached hereto as Exhibit C and incorporated by this reference.

16. Square 106 entered into an agreement with Rimrock Properties Billings, LLC ("Rimrock") for the purchase of property in the Miller Crossing Subdivision, now described as Lot 1, Block 1, of Miller Crossing Subdivision, 4th Filing, according to the official plat thereof on file in the office of the Clerk and Recorder of Yellowstone County, Montana, under Document No. 4056916 ("Lot 1"). To accommodate that sale, the Square 106 Property was subdivided as depicted on the 4th filing plat attached hereto as Exhibit D and incorporated by this reference.

17. The agreement between Square 106 and Rimrock provided that Rimrock would purchase the newly formed Lot 1, which was part of the property on which Sam's agreed a hotel up to 60 feet in height could be constructed.

18. During the due diligence for that sale, it was determined that the parking restriction in the Original ECR was not feasible for a hotel.

19. RW Billings constructed its hotel in violation of the parking requirements and restriction set forth in the Original ECR.

20. Rimrock's counsel drafted a Second Amendment to Easements with Covenants and Restrictions Affecting Land ("ECR") ("Second Amendment") to address the parking issue, which Square 106 understood would not only include the property to be sold to Rimrock, but all of the property referenced in the First Amendment as Parcel III of the Square 106 Property, the hotel property, and the RW Billings Property.

21. It was necessary for the RW Billings Property to be included in the Second Amendment so that the RW Billings Property would no longer be out of compliance with the Original ECR.

22. On or about September 25, 2023, Sam's, Square 106, RW Billings, and Daniel Property LLC (an owner subject to the Original ECR and First Amendment) executed the Second

Amendment, which was recorded on September 27, 2023, in the records of the Clerk and Recorder of Yellowstone County, Montana, under Document No. 4058968. A copy of the Second Amendment is attached hereto as <u>Exhibit E</u> and incorporated by this reference.

23. Nothing in the Second Amendment terminated Square 106's ability to construct hotels on Parcel III.

24. In exchange for the entirety of Parcel III of the Square 106 Property being included in the Second Amendment, Square 106 agreed that it would restrict development of hotels on certain real property located in Miller Crossing Subdivision and owned by Square 106, described as ("<u>Restricted Parcels</u>"):

> Lot 2, Block 1, of Miller Crossing Subdivision, 4th Filing, in the City of Billings, Yellowstone County, Montana, according to the official plat thereof on file in the office of the Clerk and Recorder of said County, under Document No. 4056916.
>
> Lot 4A, Block1 of the Amended Plat of Lots 3,4,5 and 6, Block 1 of Miller Crossing, Second Filing, in the City of Billings, Yellowstone County, Montana, according to the official plat thereof on file in the office of the Clerk and Recorder of said County, under Document No. 3512189.
>
> Lot 6A, Block 1 of the Amended Plat of Lots 3, 4, 5 and 6, Block 1 of Miller Crossing, Second Filing, in the City of Billings, Yellowstone County, Montana, according to the official plat thereof on file in the office of the Clerk and Recorder of said County, under Document No. 3512189.

25. To memorialize the agreement regarding the Restricted Parcels, a Declaration of Restrictive Covenant was recorded on September 27, 2023, in the records of Yellowstone County, Montana, as Document No. 4058967 ("<u>Declaration</u>"), a copy of which is attached hereto as <u>Exhibit F</u> and incorporated by this reference.

26. The Declaration provides that so long as hotels are operated on either the parcel owned by Rimrock or the parcel owned by RW Billings, Square 106 will not construct a hotel on the property described on Exhibit B to the Declaration. This restricted property does not include Lot 3 of the Square 106 Property ("<u>Lot 3</u>"), more particularly described as:

Lot 3, Block 1, of Miller Crossing Subdivision, 4th Filing, in the City of Billings, Yellowstone County, Montana, according to the official plat thereof on file in the office of the Clerk and Recorder of said County, under Document No. 4056916.

27. At the time the parties were negotiating the Second Amendment, RW Billings knew that Square 106 was negotiating with a developer to purchase Lot 3 for the construction of a hotel and that Square 106 had no intention of restricting the Parcel 3 development, particularly with regard to hotel height and parking.

28. Square 106 entered into a written agreement for the sale of Lot 3.

29. During the due diligence period for the purchase of Lot 3, the potential buyer required Square 106 to seek an amendment to the Original ECR to clarify that Lot 3 was not restricted by the parking requirements set forth therein.

30. After this request was made, Square 106 realized that the Second Amendment incorrectly omitted the then current description for the Square 106 Property but used the previous plat (Exhibit C attached hereto), rather than the 4th Filing Plat (Exhibit D attached hereto).

31. The correspondence relating to the drafting and execution of the Second Amendment made it abundantly clear that Square 106 or the potential buyer would be constructing a hotel on Lot 3 and that Square 106 was not limiting that right so that a hotel could be constructed under the same terms and conditions as RW Billings and Rimrock. In particular, when describing the agreements to be executed, Preston Lees specifically relayed:

> This is only contemplating us restricting our other lots from future hotel development. My understanding was in exchange for that restriction My place would agree that the parking would be per the building code requirements for Hotels on your lot (Block 1, Lot 1) and Block 1 Lot 3. I will need the language included regarding My Places Agreement and My Place and Rimrock will need to become a party to this agreement if we are going to execute.

32. Given the previous agreement between the parties regarding the revised parking restrictions on Lot 3 and the requirement of the contract buyer of the lot, Square 106 drafted a Third

Amendment to Easements with Covenants and Restrictions Affecting Land ("ECR") ("Third Amendment") and sent it to Sam's, RW Billings, Rimrock, and Daniel Property LLC for review and execution.

33. After repeated requests, despite having constructed its hotel out of compliance with the Original ECR and representations made during the negotiations for the Second Amendment, RW Billings refused to execute the Third Amendment.

34. Rimrock; Sam's; Daniel Property, LLC; and Square 106, executed the Third Amendment.

35. Representatives for RW Billings indicated that they would not sign the Third Amendment because they did not want Square 106 to construct a hotel that would be in competition with RW Billings.

36. RW Billings still refuses to sign the Third Amendment, is jeopardizing Square 106's contract with the buyer for Lot 3, and is causing great economic harm to Square 106 by placing Square 106 in default under the contract for the sale of Lot 3.

37. For over a year, Square 106 made multiple attempts to resolve this issue amicably, but RW Billings remains uncooperative.

38. RW Billings' refusal to execute the Third Amendment is causing Square 106 financial and other harm, as the buyer of Lot 3 will terminate the contract to purchase Lot 3 if the Third Amendment is not executed or this Court does not otherwise affirm the ability of the buyer to construct a hotel up to 60 feet in height on Lot 3 with parking in accordance with the Code.

39. The governing documents affecting the Property, including the Declaration, the Original ECR, and all amendments thereto, entitle the successful party in litigation the ability to recover attorney's fees and costs.

## COUNT I: DECLARATORY RELIEF

40. Square 106 realleges all prior allegations as if fully set forth herein.

41. The First Amendment and Declaration give Square 106 the right to construct a hotel up to 60 feet in height on Lot 3.

42. RW Billings has no right or authority to prevent Square 106 or any other party from constructing a hotel on Lot 3.

43. RW Billings may contend it maintains a right to preclude a hotel from being built upon Lot 3 by relying upon the parking restrictions.

44. The parties' clearly intended that Lot 3 not be subject to parking restrictions other than general compliance with the Code.

45. RW Billings' assertion that it can preclude a hotel is invalid, and Lot 3 remains available for construction of a hotel up to 60 feet in height with Code compliant parking.

46. A justiciable controversy exists regarding the use of Lot 3, and Square 106 is entitled to receive an order declaring that RW Billings' assertion is invalid, as well as a declaration of rights as to the applicable uses of Lot 3.

47. Given the fact that RW Billings constructed its hotel in violation of the parking restrictions in the Original ECR, RW Billings has waived its right to enforce the Original ECR parking requirements on Square 106.

48. Pursuant to Mont. Code Ann. § 27-8-313 and *Trustees of Indiana University v. Buxbaum*, 2003 MT 97, 315 Mont. 210, 69 P.3d 663, Square 106 requests that this Court award reasonable attorney fees in bringing this declaratory relief count against RW Billings.

## COUNT II: REFORMATION OF CONTRACT

49. Square 106 realleges all prior allegations as if fully set forth herein.

50. Upon drafting and executing the Second Amendment, the parties intended that the entirety of Lots 9A-1 and 10A-1 (covering the entirety of Lot 3) of the Square 106 Property have parking requirements which comport with the Code.

51. Due to fraud, mutual mistake, or unilateral mistake which RW Billings knew or suspected, the Second Amendment incorrectly omitted the then current description for the Square 106 Property but used the previous plat (Exhibit C attached hereto), rather than the 4th Filing Plat (Exhibit D attached hereto).

52. Square 106 was not aware of the fraud, mutual mistake, or unilateral mistake upon execution and filing of the Second Amendment.

53. The Second Amendment does not truly express the intention of the parties with regards to parking on the Square 106 Property.

54. RW Billings refuses to remedy the fraud, mutual mistake, or unilateral mistake which RW Billings knew or suspected by signing the Third Amendment.

55. Given the fact that RW Billings constructed its hotel in violation of the parking restrictions in the Original ECR, RW Billings has waived its right to enforce the Original ECR parking requirements on Square 106.

56. Reformation of the Second Amendment to reflect inclusion of Lots 9A-1 and 10A-1 of the Square 106 Property is necessary to reflect the parties' intention.

## COUNT III: TORTIOUS INTERFERENCE WITH A CONTRACT

57. Square 106 realleges all prior allegations as if fully set forth herein.

58. Square 106 has a contract with a prospective buyer of Lot 3.

59. RW Billings was at all relevant times aware of that contract and the prospective buyer's intent to construction of a hotel on Lot 3.

60. Based upon RW Billings' desire not to compete with another hotel on the Property, RW Billings refuses to acknowledge a proper use of Lot 3 despite being provided evidence of the proper use and the parties' intention of its proper use upon execution of the Second Amendment.

61. RW Billings' actions are intentional and willful.

62. RW Billings' acts are calculated to preclude the sale of Lot 3 from Square 106 to the buyer who would construct a hotel on Lot 3.

63. RW Billings' acts were done with the purpose of causing damage or loss to Square 106 based upon its own self-interest.

64. RW Billings' acts have, and will continue to, cause harm to Square 106 including, but not limited to, loss of marketability; and costs of insurance, taxes, and finance charges resulting from the delayed or lost sale of Lot 3 in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHERFORE, Square 106 respectfully requests that the Court grant it the following relief:

A. That Square 106 may have and recover judgment against RW Billings for compensatory, incidental, and consequential damages in an amount to be determined at trial;

B. For a declaration of the rights of the parties with respect to the permissible use of Lot 3;

C. For a declaration that Defendant's assertion that a hotel may not be constructed on Lot 3 unless the parking requirements set forth in the ECR are met is invalid and unenforceable;

D. For reformation of the Second Amendment to reflect the parties' intention that Lot 3 have parking requirements subject only to compliance with the Code;

E. For Square 106's reasonable attorney's fees and costs incurred in the prosecution of this action;

F.  For Square 106's reasonable attorney's fees incurred in realizing upon a judgment obtained herein; and

G.  For such other and further relief as this Court deems just and proper.

RESPECTFULLY SUBMITTED this 5 day of March, 2025.

CROWLEY FLECK PLLP

By: _____
MICHAEL J. KLEPPERICH
P. O. Box 2529
Billings, MT 59103-2529
Attorneys for Plaintiff